UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MARSHALL G CRICK,

        Plaintiff,

v.                                        Case No. 20-cv-0016-bhl

KILOLO KIJAKAZI,[1] Acting Commissioner
of Social Security Administration,

        Defendant.

## DECISION AND ORDER

    Marshall G. Crick seeks review of a December 27, 2018 administrative law judge decision denying his claim for disability benefits under the Social Security Act. For the reasons set forth below, the decision must be reversed and the case remanded.

## BACKGROUND

    Between 2016 and 2018, Crick was treated at the Clement J. Zablocki VA Medical Center for various medical conditions. (ECF No. 8 at 7.) Because of these conditions, the Department of Veterans Affairs (VA) found him eligible for service connected 50% to 100% disability. (*Id.*) Specifically, the VA rated him 60% disabled as a result of verified: fibromyalgia (20%), degenerative arthritis of the spine (20%), limited motion in an ankle (10%), limited flexion in a knee (10%) and thigh (10%), knee condition (10%), and migraine headaches (0%). (*Id.*)

    On October 18, 2016, Crick filed a Title II application for a period of disability and disability insurance benefits under the Social Security Act. (*Id.* at 2.) The application was denied on March 17, 2017. (*Id.*) In response, Crick filed a written request for a hearing. (*Id.*) That hearing commenced before an Administrative Law Judge (ALJ) on September 26, 2018. (*Id.*) The

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted, therefore, for Andrew Saul as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. §405(g).

ALJ considered testimony from Crick himself, an abundance of medical professionals,[2] vocational expert Leslie H. Goldsmith, and Crick's friend. (ECF No. 7-3.) On December 27, 2018, the ALJ issued an unfavorable decision finding that Crick was not disabled. (*Id.*) Notably, this decision did not mention or analyze the VA's earlier determination of disability. (*See id.*) On November 6, 2019, the Appeals Council denied Crick's request for review, making the ALJ's decision the Commissioner's final decision. (*Id.*)

## LEGAL STANDARD

The Commissioner's final decision on the denial of benefits will be upheld "if the ALJ applied the correct legal standards and supported [her] decision with substantial evidence." *Jelinek v. Astrue*, 662 F.3d 805, 811 (7th Cir. 2011) (citing 42 U.S.C. §405(g)). Substantial evidence is not conclusive evidence; it is merely "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (internal quotations omitted). The Supreme Court has instructed that "the threshold for such evidentiary sufficiency is not high." *Id.* In rendering a decision, the ALJ "must build a logical bridge from the evidence to [her] conclusion, but [she] need not provide a complete written evaluation of every piece of testimony and evidence." *Pepper v. Colvin*, 712 F.3d 351, 362 (7th Cir. 2013) (internal quotations omitted). That said, if the claimant presents a VA determination of disability, an ALJ must "give [that] determination . . . 'some weight.'" *Allord v. Barnhart*, 455 F.3d 818, 820 (7th Cir. 2006) (citation omitted).

In reviewing the entire record, this Court "does not substitute its judgment for that of the Commissioner by reconsidering facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility." *Estok v. Apfel*, 152 F.3d 636, 638 (7th Cir. 1998). Judicial review is limited to the rationales offered by the ALJ. *Steele v. Barnhart*, 290 F.3d 936, 941 (7th Cir. 2002) (citing *SEC v. Chenery Corp.*, 318 U.S. 80, 93-95 (1943)).

## ANALYSIS

Crick offers four bases on which the Court might reverse the ALJ decision. The first three relate to the ALJ's alleged failure to properly evaluate his subjective symptoms and the opinions of Dr. Holmes and Dr. Dolezal. (ECF No. 8 at 18.) The fourth argues that the ALJ's failure to

---

[2] Within her decision, the ALJ references and considers the opinions of Dr. Sheryl Dolezal, Dr. Ellen Rozenfeld, Dr. Jim Jacobson, Dr. Jennifer Yacub Martin, Dr. Gregory Kaftan, Dr. Abdul Hafeez, Dr. Merle Orr, Dr. Ronald Shaw, Dr. Mina Khorshidi, and Dr. Margaret Holmes. (ECF No. 7-3.)

address the VA disability rating represents reversible error. (*Id.*) Because this fourth argument is sufficient to warrant reversal and remand, the Court will limit its consideration to that issue.

I. **The Record Does Not Demonstrate that the ALJ Afforded the VA Disability Determination "Some Weight."**

While a VA determination of disability is not binding on an administrative law judge, the Seventh Circuit has held that "[t]he VA's decision is entitled to some weight, and should be considered." *Davel v. Sullivan*, 902 F.2d 559, 560 n.1 (7th Cir. 1990). Courts within the Seventh Circuit have routinely remanded ALJ decisions that fail to abide by this edict. *See Allord*, 455 F.3d at 820, 822 (remanding because the ALJ gave the VA's determination no weight); *Derry v. Berryhill*, 756 F. App'x 619, 624 (7th Cir. 2019) (remanding because the ALJ "failed to explain why she gave the VA's disability rating such little weight"); *Varga v. Astrue*, No. 10-C-0454, 2011 WL 442268, at *17 (E.D. Wis. Feb. 2, 2011) (remanding because ALJ did not explain why she did not consider the VA disability determination); *Kevin H. v. Saul*, No. 18-cv-5798, 2020 WL 6870818, at *2-3 (N.D. Ill. Nov. 23, 2020) (remanding because ALJ failed to explain why she afforded the VA rating such little weight). And at least one court has held that an ALJ's failure to mention a claimant's VA disability rating was reversible error. *McGuire v. Colvin*, No. 1:12-cv-00960-DML-TWP, 2013 WL 5352756, at *3 (S.D. Ind. Sept. 25, 2013) (collecting cases).

In this case, it is undisputed that the ALJ did not even mention the VA disability rating. Indeed, Defendant concedes in its brief that "the ALJ did not explicitly consider the VA's administrative finding that Plaintiff was sixty-percent disabled". (*See* ECF No. 16 at 20.) But, citing *Skarbek v. Barnhart*, 390 F.3d 500 (7th Cir. 2004), Defendant argues that the ALJ satisfied the Seventh Circuit's directive and *implicitly* rejected the VA determination, when she gave weight to Dr. Ronald Shaw's opinion, which, itself, mentioned the VA's findings. (*Id.* at 21.) In *Skarbek*, the plaintiff requested remand because the ALJ did not specifically consider his proposed obesity limitation. *Id.* at 504. The Seventh Circuit held that "although the ALJ did not explicitly consider [Plaintiff's] obesity, it was factored indirectly into the ALJ's decision" when the ALJ "adopted the limitations suggested by the specialists and reviewing doctors, who were aware of [Plaintiff's] obesity." *Id.*

Defendant's reliance on *Skarbek* fails because obesity and VA disability ratings are not birds of a feather. Obesity is an alleged limitation, which an ALJ must only *consider*. *Id.* This is necessarily accomplished, albeit indirectly, when the ALJ adopts a reviewing doctor's proposed limitations and those limitations were informed by the claimant's obesity. On the other hand, an

ALJ must not only afford a VA disability determination "some weight," she must also explain why the degree of weight afforded is appropriate. *See Allord*, 455 F.3d at 820; *Derry*, 756 F. App'x at 624. Unlike the consideration of obesity, the required explanation of the weight afforded a VA rating is not an inevitable byproduct of an expert's opinion. If the expert fails to explain his decision to discount a VA rating altogether or offers insufficient reasons for doing so, *e.g.*, "I discounted the VA disability rating because I reviewed it on the vernal equinox," an ALJ will not have complied with the Seventh Circuit requirements simply by adopting the expert's conclusions. Thus, the question here is whether Dr. Shaw's opinion afforded the VA rating "some weight" and sufficiently explained why that weight was afforded such that, by giving great weight to Dr. Shaw's opinion, the ALJ indirectly satisfied *Allord*'s directive. On the record before it, the Court cannot conclude that she did.

In the "Findings of Fact and Analysis of Evidence" section of his report, Dr. Shaw wrote: "[Crick] has a dx of cervical DDD which his VA provider reports does not impact his ability to do work." (ECF No. 7-4 at 8.) He also stated: "[Crick] has a 60% disability rating for FM, cervical pain, ankle pain and knee pain." (*Id.*) These slim references are the entirety of Dr. Shaw's analysis of the VA's determination. Even if implicitly incorporated, they are not a remotely sufficient proxy for the ALJ's duty to afford that determination some weight and explain her decision. Indeed, had the ALJ herself reproduced Dr. Shaw's lines in her report, her decision would still run afoul of Seventh Circuit precedent. In *Derry*, the Seventh Circuit remanded a case where an ALJ stated that she gave the VA rating little weight but failed to explain *why* the rating was of "limited evidentiary value." *Derry*, 756 F. App'x at 624. Similarly, nothing in Dr. Shaw's report offers any rationale for discounting the VA rating. Therefore, affording his report great weight did not indirectly provide any explanation for why the VA rating was given short shrift. *Skarbek* is of no moment.

There is, however, another potential life raft on which the ALJ's decision could stay afloat. District courts throughout the Seventh Circuit have found harmless error where an ALJ does not discuss a VA rating but does "provide[] a thorough review of medical opinions by VA-employed physicians," sufficient to show the ALJ's reasoning. *Nelson v. Kijakazi*, No. 1:20-cv-01061-RLY-MPB, 2021 WL 4177203, at *4 (S.D. Ind. Aug. 20, 2021); *see also Weathington v. Colvin*, No. 1:12-cv-00410-TWP-TAB, 2013 WL 5321518, at *11 (S.D. Ind. Sept. 20, 2013) (affirming the ALJ decision because the ALJ indirectly satisfied his duty with respect to the VA rating when he

considered the opinions of numerous VA physicians and explained why those opinions were entitled to less weight); *Gleason v. Colvin*, No. 13-C-1378, 2015 WL 3454126, at *24 (E.D. Wis. May 29, 2015) (although "the ALJ overlooked the VA's percentage, he did consider the underlying impairments and the reports of the VA doctors upon which the disability rating was based"). In this case, the ALJ did consider the opinion of Dr. Margaret Holmes, Crick's primary care provider and a VA doctor. (ECF No. 7-3 at 23-24; ECF No. 7-9 at 23).

But the alternative approach will not work here because the ALJ's decision cites only to Dr. Holmes' cursory opinion found at ECF No. 7-12 at 72. (ECF No. 7-3 at 23-24). That opinion, in its entirety, reads:

> Marshall Crick is a patient under my care. He suffers from a chronic pain syndrome and sleep apnea. He sometimes experiences pain that makes it difficult for him to function. This may interfere with his classroom attendance. In addition, he finds that he is better able to manage a 20 hour work week than a 40 hour work week because of his chronic pain syndrome. Therefore, I recommend that he limit his work week to approximately 20 hours.

(ECF No. 7-12 at 72.) The ALJ discounted this opinion because it expressly rested "on the claimant's own assessment of what he can do," was too vague, and resolved an issue reserved for the Commissioner of Social Security. (ECF No. 7-3 at 24.) This is a terse analysis of a single VA opinion; it is hardly a "thorough review" of the opinions of numerous VA physicians. *See Nelson*, 2021 WL 4177203 at *4; *Weathington*, WL 5321518, at *11. More importantly, though, the explanation the ALJ gave for discounting Dr. Holmes' opinion is not the equivalent of an explanation for discounting the VA disability rating. That rating relied on more than Holmes' brief letter, and it was not in any way "too vague" to be of value. And while it is true that the determination of disability that both Holmes and the VA made is not binding on the Social Security Commissioner, an ALJ may not simply recite the non-binding nature of the VA rating and thereby satisfy her duty to afford it "some weight." *See Derry*, 756 F. App'x at 624. In short, the ALJ's consideration of Dr. Holmes' opinion is unlike the thorough review of VA doctors found in *Nelson*, *Weathington*, and *Gleason*. It does not, therefore, render her failure to address the VA rating directly harmless error.

The ALJ in this case did not clearly afford the VA rating "some weight," directly or indirectly. On remand, she must do so. The safest (and perhaps best) course of action is to simply cite the VA disability determination, state the weight afforded to it, and explain the reasoning behind that decision.

## CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the Commissioner's decision is **REVERSED**, and the case is **REMANDED** for further proceedings consistent with this decision pursuant to 42 U.S.C. §405(g), sentence four. The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin on August 4, 2022.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge
